JAMES H. YOUNG *vs.* ELLEN C. SNOW, trustee, & others.

Suffolk.　　December 2, 1896. — January 7, 1897.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Will — Trust — Termination.*

*It seems*, that, although the interests created by will under a trust have all vested, and all the parties interested request that the trust be terminated, and the trustee consents, the termination will not be decreed if none of the provisions are repugnant to law or contrary to public policy, and the objects and purposes of the trust have not been accomplished, and their accomplishment has not been made impossible.

BILL IN EQUITY, filed February 24, 1896, to terminate a trust under the will of David Snow. Hearing before *Field*, C. J., who, at the request of the parties, reserved the case for the consideration of the full court upon the bill and answers. The facts, so far as material, are as follows.

The will, by the sixth, seventh, and eighth paragraphs, provided that the residue of the estate was to remain in the hands and control of the executors as trustees for twenty years after the death of the testator, and then was to go to his heirs at law. Meanwhile, certain annuities were to be paid to his children from the income not necessary to keep the estate in repair, and if, after payment of the annuities, there should be a surplus of income, it was to accumulate for ten years and then be paid to his heirs at law. After the expiration of the ten years, and until the expiration of the twenty years, the whole of the income was to be paid to his heirs at law. The income was more than sufficient to pay all the annuities. The will imposed no restraint upon the alienation of the principal or income by any beneficiary. The plaintiff was the assignee of one of the children, who had conveyed to him her share to be held in trust for the benefit of herself and her husband, and in the bill he asked that the trust be terminated, and that, after the repayment of certain loans secured by prior assignments of the interest of the beneficiary in the trust fund, her interest in the estate should be conveyed to him to hold under the terms of her assignment. The execu-

tors have rendered their final account as executors, one of them has died, and the other has been appointed by the Probate Court as trustee under the will. The other children consented to the granting of the prayer of the bill, and the trustee, Ellen C. Snow, consented so far as she had the power so to do.

*E. W. Hutchins,* for the plaintiff.

*H. Wheeler,* for the trustee.

*J. E. Abbott,* for Jane S. Cox, a daughter of the testator, and her husband, submitted the case on a brief.

BARKER, J.    If the provisions of the will are carried out, the fund will remain in the hands and control of the trustee for twenty years from the testator's death, during which period so much of the income as is needed for that purpose will be used to keep his estate in repair, and during the first ten years, not yet expired, there will be an accumulation of part of the income. None of these provisions are repugnant to law or contrary to public policy.    The testator therefore had the right to make the disposition of his property which he did make, and it is the duty of the court, so far as it has jurisdiction, to carry out the trust. Although the interests created under the trust have all vested, and all the parties interested request that the trust be terminated, and the trustee consents, the objects and purposes of the trust have not been accomplished, nor has their accomplishment been made impossible.    If, because of the assignments made by one of the beneficiaries, the payment to her yearly of her share of the income and the transfer to her at the end of the twenty years of her share of the fund have become impossible, that does not prevent the exact execution of the trust in respect to the shares of the other beneficiaries ; and if all the beneficiaries should make similar assignments, or if the rights of all the beneficiaries should be seized by their creditors, that would not make it impossible for the trustee to hold the fund for the twenty years, to keep the estate in repair during that period, and to deal yearly with the income by accumulating it or paying it over to the persons entitled to receive it.    That is what the testator has willed, and it was within his right and power so to direct.

While the will vests the fund in the testator's four children, it does not give them an absolute estate and then impose restric-

tions and conditions repugnant to the estate, but gives an ownership qualified by the directions that the property is to remain for a time in the hands and control of the executors as trustees. Whether the testator made these provisions for one purpose or another is immaterial, since he had the right to order as he did. Under our decisions such provisions are not void, and are to be carried out. *Claflin* v. *Claflin*, 149 Mass. 19.

While the right of each beneficiary is vested and may be sold, or may be reached and applied in some way by creditors, the fact that the interest of one beneficiary has been assigned does not make it the duty of the court to decree a termination of the trust. If the rights of an assignee are not recognized by the trustee, relief may be given upon a proper bill. This is not such an application. So far as it affects the assignee of one of the beneficiaries, it is an application to give to the assignee a greater right than that given by the will to the beneficiary, and as to the other beneficiaries it seeks to give them an unqualified and present possession of a fund which their testator has directed shall remain in the hands and under the control of trustees for twenty years from his decease.

We are therefore of opinion that the case is governed by the decision in *Claflin* v. *Claflin, ubi supra*, notwithstanding the facts that one of the beneficiaries has made several assignments of her interest in the fund, and that the trustee gives a kind of qualified assent to the request for the termination of the trust. The situation is not like that in *Forbes* v. *Lothrop*, 137 Mass. 523, or in *Sanford* v. *Lackland*, 2 Dillon C. C. 6, where creditors were entitled to the whole property of the only beneficiary of the trust.

                                        *Bill dismissed.*