FRANCIS O. HOFFMAN, individually and as administrator,
& another, *vs.* NEW ENGLAND TRUST COMPANY, trustee,
& another.

Essex.    November 2, 1904. — January 5, 1905.

Present : KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Trust,* Termination.

A testator directed that certain municipal and railroad bonds named, if owned by
him at the time of his death, should be set apart by his executor to provide for
the payment of a certain income to each of two nieces named so far as necessary
for that purpose, and that all the other bonds which he should own at the time
of his death should be held by a certain trust company, as trustee, until the death
of the two nieces above referred to, that the interest therefrom should be paid
to his executor for distribution to the persons entitled to receive it under his
will, and that on the death of both of the nieces, the bonds might be sold and
distributed with all accumulations to the persons entitled to the residue of his
personal estate.   While the nieces still were living, three out of four of the per-
sons entitled to the residue of the testator's personal estate, all being of age,
filed a bill in equity praying for the termination of the trust.   The fourth bene-
ficiary and the trustee opposed the termination of the trust before the death of
the nieces.   *Held,* that, even if this court ever would terminate such a trust
against the objection of one of the beneficiaries, there was no reason for doing
so in this case, it being plainly the intention of the testator that the trust should
continue until the death of both of his nieces, the provision to that end being
lawful, and nothing having happened which the testator did not anticipate.

BILL IN EQUITY, filed February 18, 1904, by Francis Otey
Hoffman, individually and as the administrator of the estate of
C. Peirce Hoffman, and Helen E. Kilham, being with Lucretia
O. S. Johnson who was joined as a defendant all of the residuary
legatees under the will and codicils of Nathan Peirce of Salem,
and each being over twenty-one years of age, praying for the
distribution of a certain trust fund held by the defendant trust
company under the will of Nathan Peirce, consisting of certain
bonds owned by the testator at the time of his death and the
invested proceeds of such of the bonds as had matured.

The case was heard by *Lathrop,* J., who made a decree dis-
missing the bill.   The plaintiffs appealed.

*J. E. Young,* for the plaintiffs.

*B. D. Barker,* for the defendant trust company.

HAMMOND, J.  In the original will the only provision relating to the bonds was that contained at the end of the seventh item, as follows: " And I direct that any Bonds owned by me shall not be collected or sold until they become due and payable."

In the first codicil the only provision as to the bonds is the following: " And I modify my said Will in relation to the Bonds that I may own at my decease, as follows — I now hereby direct that the Bonds of the City of Cambridge — the Bonds of the City of Providence — the Bonds of the City of Spring-field — and the Six per Cent Bonds of the Boston and Albany Railroad Company, be set apart by my Executor, to meet the income of One third of my Personal Estate, held in trust for Mary Louisa Peirce and also for the One fifth income of the remaining two thirds of my personal estate held in trust for Laura C. G. Peirce, so far as may be necessary for that purpose.  And all the other Bonds that I may own at my decease are to be held by my Trustee, the New England Trust Company until the decease of my Nieces, Mary L. Peirce and Laura C. G. Peirce, the interest on the same, to be paid to my said Executor, for distribution to the parties entitled to receive the same by said Will.  And at the death of both the said Mary Louisa Peirce and Laura C. G. Peirce, the said Bonds may be sold and distributed with all accumulations, although not then due, to the parties entitled by my said Will to the residue of my Personal Estate."

In the second codicil there is no mention of the bonds ; and it is suggested by the petitioners that since the only provision in the original will concerning the bonds was at the end of the seventh item, the substituted provision contained in the first codicil must be regarded also as a part of the seventh item as thus modified, and further, that, since the second codicil modifies the seventh item and says nothing about the bonds, the provisions of the first codicil in relation to the bonds are by necessary implication annulled by the second codicil.  But we do not so read the will.  The manifest purpose of the second codicil was not to change the provisions of the first codicil as to the bonds, but to change the provisions of the will as to the persons to whom the estate named in the seventh item should go.  The provisions of the first codicil as to the care of the bonds by a

trustee and the time when they shall be sold and distributed among the residuary legatees must be regarded as still standing.

The main question is whether the trust should be terminated. It is to be observed that the petitioners comprise only three of the beneficiaries, the fourth beneficiary and the trustee appearing in opposition ; and, under such circumstances, to declare the trust terminated would be going further than this court has gone.

But there are other grounds for refusing the petition. Plainly the testator intended that the trust should continue until the death of both of his nieces Mary and Laura. And, whatever may be the law elsewhere, that provision in this Commonwealth is legal. *Claflin* v. *Claflin,* 149 Mass. 19. It is also plain that nothing has happened which the testator did not anticipate, and for which he has not made provision. The language used by Field, J. in the case above cited is applicable here: " It cannot be said that these restrictions upon the plaintiff's possession and control of the property are altogether useless, for there is not the same danger that he will spend the property while it is in the hands of the trustees as there would be if it were in his own."

For reasons stated in that case and in *Young* v. *Snow,* 167 Mass. 287, with reference to the general doctrine of the termination of such a trust, which it is unnecessary to repeat here, no sufficient reason is shown for the termination of the trust.

*Petition dismissed.*