GRACE A. DUNN *vs.* ISAAC F. DOBSON & others, trustees, & others.

Suffolk.     January 10, 1908. — March 2, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, & SHELDON, JJ.

*Trust,* Termination.     *Devise and Legacy.*

A bill in equity alleged that the plaintiff was the only child and heir at law of one of three children of a testator who were living at the time of his death, the other two children and their children, together with trustees under the

testator's will, being made defendants, that by his will the testator left property in the hands of trustees and gave to them full powers as to investment and reinvestment "always having regard to the security thereof and the certainty of the income," and directed them " to pay to and distribute " the income among his children and the issue of any deceased child " every year, during the life of the longest liver of said children," and, in case of the decease of any of his children leaving no issue, to pay the share which would have been that child's if living to the survivors of the testator's children and the lawful issue of any deceased child, and, on the decease of all the testator's children, the trustees were directed to distribute the trust property among "the heirs at law of my deceased children, said heirs taking in right of representation." The trustees also were empowered, if they or a majority of them were of opinion that it was expedient so to do, to pay portions of the principal from time to time to any one of the testator's children, such portion not to exceed the share, the net income of which was payable to such child ; and in such case such child thereafter was to receive a proportionate diminution of income. The bill further alleged that the interests of the other beneficiaries of the trust would not be prejudiced by the plaintiff's full share being given to her, and that the further continuance of the trust as to her portion caused the plaintiff unnecessary inconvenience and expense. The prayer of the bill was that the plaintiff's entire proportional share be paid to him. The other beneficiaries under the trust demurred to the bill. *Held*, that the demurrer must be sustained since the trust was valid and its purposes did not appear yet to be fulfilled and it did not appear that others interested in the trust assented to its termination.

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk October 1, 1907.

From the allegations of the bill the following facts appeared :

The plaintiff was the daughter and sole heir of a daughter of Isaiah Atkins, late of Boston, who died testate in 1866, and the defendants were the trustees under his will, the husband of the plaintiff and beneficiaries of the trust other than the plaintiff. The will of Atkins contained a clause as follows :

" All the rest and residue of my Estate real and personal . . . I give, devise and bequeath . . . , — In trust for the uses and purposes hereinafter expressed, and to and for no other purpose whatsoever — that is to say — in trust that they shall manage and improve the same according to their best skill and judgment with power and authority to sell, assign, convey, and dispose of said trust property at public auction or private sale, for such price, and upon such terms as they may judge best, and to invest the proceeds of any such sale or sales, in real or personal Estate, in both, or either, as they may deem expedient — and again to sell, assign, convey, and dispose of such real and personal estate as may be so purchased by them, and the proceeds,

to reinvest according to their discretion, and so from time to time to alter and change the investments as they may deem most advisable, always having regard to the security thereof and the certainty of the income.

" And I direct my said Trustees or the Trustees for the time being to pay to my wife Frances B. Atkins every year during her natural life — one fifth part of the net annual interest and income of the trust property in their hands. . . . [After a provision for his wife] . . . " I direct my said Trustees or the Trustees for the time being to pay to and distribute among my . . . children and the issue of any deceased child every year, during the life of the longest liver of said children, the remainder of said net annual income and interest during the life of my said wife, and upon her decease so to distribute the whole of the said net annual income and interest —

" And upon the decease of any child leaving no lawful issue then the share of said income and interest, which would be paid to such child if living, to pay to, and distribute equally among the surviving children, and the lawful issue of any deceased child.

" On the decease of my said wife and all my children, I direct the said Trustees to pay over and convey, the Trust property in their hands to the heirs at law of my deceased children, said heirs taking in right of representation.

" And I authorize and empower my said Trustees, or the Trustees for the time being if in their opinion, or in the opinion of a majority of them, it shall be expedient from time to time to pay over to any one of my said children a portion of the principal fund, in their hands, not exceeding in the whole however, the share, the net interest and income whereof shall be payable to such child, and in case of any such payment of principal, thereafter the income to be paid annually to such child and the principal ultimately to be paid over to his heirs shall be proportionately diminished. . . . "

The testator's wife had died.

The property held by the trustees at the time of the filing of the bill was all invested in real estate valued at $195,000. Payments from the principal had been made by the trustees at various times under the last paragraph of the preceding clause to the two surviving daughters of the testator, so that the plain-

tiff's share of the principal, if distribution were made as prayed for, would be about $86,200.

The bill continued: "Under the provisions and operation of said will the plaintiff has the entire beneficial interest, both in the income of the property held by the trustees for her benefit and in the property itself. The interest of the plaintiff in both the income and the principal of the said portion of the trust property is alienable at her pleasure, and is subject to the claims of her creditors. No reasons exist for the perpetuation of the trust as to the plaintiff's portion thereof; and the several interests of the various defendants will not be prejudiced by the termination of the trust as to the plaintiff's portion. The further continuance of the trust as to the plaintiff's portion causes the plaintiff unnecessary inconvenience and expense."

The prayers of the bill were that a division of the trust property might be ordered and that the plaintiff's share thereof might be conveyed to her.

The defendants other than the trustees and the plaintiff's husband demurred to the bill, and, after a hearing thereon before *Sheldon*, J., a final decree was entered sustaining the demurrer and dismissing the bill, from which the plaintiff appealed.

*G. A. O. Ernst*, (*L. K. Clark* with him,) for the plaintiff.

*W. D. Turner*, (*W. R. Trask & C. Hunneman* with him,) for the defendants Wilson and others.

LORING, J. It is the law in Massachusetts, as well as in other jurisdictions where the English common law obtains, that an attempt to impose restraints or limitations on the owner of a legal estate in real property (using the term "estate" in its technical sense) is void; and this is so whether there is a gift of the estate coupled with the imposition of repugnant restraints or limitations or whether in making the gift all the rights appertaining to the estate are given with the exception of one or more specified which are withheld. The rights of the owner of a specified estate in land are defined by the law, and all attempts by a grantor in making a gift to give the donee all the rights of the owner of a specified estate but one or more would be futile and void.

In most jurisdictions equity follows the law in this as well as in other connections. See Gray, Restraints on Alienation, (2d

ed.) §§ 105–123. But in Massachusetts it was decided in *Broadway National Bank* v. *Adams*, 133 Mass. 170, and in *Claflin* v. *Claflin*, 149 Mass. 19, that in creating an equitable estate a donor may carve out and create such equitable rights in property as his fancy may dictate and his imagination devise, without regard to the rights appertaining to the several estates known to the law. This conclusion was stated to rest on the doctrine that in such a case the donor "does not give them an absolute estate and then impose restrictions and conditions repugnant to the estate, but gives an ownership qualified by the directions" adopted by the donor; see Barker, J., in *Young* v. *Snow*, 167 Mass. 287, 288, 289.

The cases of *Broadway National Bank* v. *Adams* and *Claflin* v. *Claflin*, *ubi supra*, were decided in 1882 and 1889, respectively, and the broad doctrine there laid down has been repeatedly affirmed since then. *Wemyss* v. *White*, 159 Mass. 484. *Young* v. *Snow*, 167 Mass. 287. *Brown* v. *Wright*, 168 Mass. 506. *Danahy* v. *Noonan*, 176 Mass. 467. *Hoffman* v. *New England Trust Co.* 187 Mass. 205. This must be taken to be a settled rule of property not now to be questioned.

The reason why this court held in *Choate* v. *Sears*, 146 Mass. 395, that the trust there in question should be brought to an end was that in the event that happened the will did not disclose an intention on the part of the testator that it should continue. There the testator bequeathed and devised the residue of his estate in trust to pay to the plaintiff $4,000 a year when he arrived at the age of twenty-one years; $6,000 at the age of twenty-five years; and $10,000 at the age of thirty years; and made no disposition of the remainder of the trust fund.

In the case at bar the testator has directed the income of the trust estate created in the residuary clause of his will to be paid to and distributed among his "children and the issue of any deceased child every year during the life of the longest liver of said children," the share of the income of any child dying without issue going to the survivors of the class; and "On the decease of my said wife and all my children, I direct the said Trustees to pay over and convey the trust property in their hands to the heirs at law of my deceased children, said heirs taking in right of representation."

It was the intention of the testator that there should be one trust fund until the death " of the longest liver of " his " children," and that no partition should take place until that time arrived. Under the rule which obtains here this intention of this testator will be carried into effect, certainly where others interested in the matters here in question (namely, the partition of the trust fund) do not consent to its termination.

We add to prevent misconception that we see no reason for holding that the plaintiff's interest in remainder is not a vested interest.

*Decree affirmed.*