EDWARD H. LATHROP, administrator with the will annexed, *vs.* EDWARD H. MERRILL & another.

Hampden.   September 27, 1910. — October 28, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy.   Restraint on Alienation.   Assignment.*

A testatrix by her will first gave to her nephew E. $3,000 and to her nephew H. $2,000, and then provided as follows: "Second: I give to my son F. $2,000. Also I give to my executor all the rest, residue and remainder of my estate to pay over the entire income thereof to my son F. during his life. Third: After the death of my son I give to" [four charitable corporations $500 each]; "to [my nephew] E. $3,000; and to [my nephew] H. $2,000. Should there be anything then remaining, I direct that it be divided equally among the six legatees mentioned in this clause. Fourth: I direct that all gifts, whether of principal or income made in this will, should not be alienable by the legatee, nor subject to interference by creditors, until paid to the legatee." During the lifetime of the son of the testatrix, the nephew E. executed an assignment in writing under seal of all his right and interest as legatee under the will. After the death of the son, the administrator with the will annexed of the estate of the testatrix brought a bill for instructions, as to whether he should pay the legacy of this nephew to the nephew himself or to his assignee under the assignment named above. *Held,* that the interest of the nephew under the will was an absolute legal interest, on which the clause of the will attempting to restrain alienation had no effect, and therefore that it passed by the assignment.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 17, 1910, by the administrator *de bonis non* with the will annexed of the estate of Lucy A. Fuller, late of Springfield, for instructions.

The bill alleged that by the first clause of the will the defendant Merrill was given $3,000, to be paid at the convenience of the executor; that the plaintiff paid that sum to the defendant Merrill on November 9, 1898, and at that time received from the defendant Merrill a full discharge under seal from the payment of that sum and also in full receipt and discharge of all legacies under said will; that by the third clause of the will the sum of $3,000 was bequeathed to the defendant Merrill after the death of the son of the testatrix Lucy A. Fuller, Francis H. Fuller by name, who had a life interest in the income thereof; and that the defendant also was given an interest in the estate remaining

after the payment of the amounts specifically named to certain residuary legatees; that on or about September 17, 1900, and while Francis H. Fuller still was alive, the defendant Merrill executed and delivered to the defendant Ida K. Fuller an assignment under seal of his entire interest coming to him then or thereafter of all moneys by virtue of the third clause of the will of Lucy A. Fuller, together with full power and authority to execute any and all instruments and make all necessary discharges; and that Francis H. Fuller afterwards died.

The bill prayed for instructions as to whether there had or had not been any effectual assignment of the whole or any part of the interest of the defendant Merrill to the defendant Ida K. Fuller; and as to whom the plaintiff should pay the amount bequeathed in the residuary clause to the defendant Merrill.

The will of Lucy A. Fuller was as follows:

" I, Lucy A. Fuller of Springfield, Massachusetts, make this my last will, revoking all previous wills.

" First: I give to my nephew, Edward F. Merrill, Three Thousand Dollars ($3000) and to my nephew Henry C. Merrill Two Thousand Dollars ($2000) to be paid at the convenience of my executor.

" Second: I give to my son Francis H. Fuller Two Thousand Dollars. Also I give to my executor all the rest, residue and remainder of my estate to pay over the entire income thereof to my son Francis H. Fuller during his life.

" Third: After the death of my son I give to the Springfield Young Men's Christian Association Five Hundred Dollars ($500); to the Woman's Board of Missions connected with the American Board of Commissioners for Foreign Missions Five Hundred Dollars; to the Hampden County Children's Aid Society Five Hundred Dollars; and to the American Home Missionary Society Five Hundred Dollars ; to Edward F. Merrill Three Thousand Dollars; and to Henry C. Merrill Two Thousand Dollars.

" Should there be anything then remaining, I direct that it be divided equally among the six legatees mentioned in this clause.

" Fourth: I direct that all gifts, whether of principal or income made in this will, should not be alienable by the legatee, nor subject to interference by creditors, until paid to the legatee.

"Fifth: I appoint Henry S. Lee and Ralph W. Ellis to be executors of this will without sureties on their official bonds and with authority to sell real estate to settle my estate.

"Witness my hand and seal this 25th day of January, 1895."

Here followed the signature and seal of the testatrix and an attesting clause with the signatures of three witnesses.

The assignment of September 17, 1900, to the defendant Ida K. Fuller was executed under seal by the defendant Edward F. Merrill and contained the following: "I do hereby assign, transfer and set over unto the said Ida K. Fuller all claims and demands which I now have or may hereafter have against the estate of Lucy A. Fuller, late of Springfield, Hampden County, Massachusetts, under and by virtue of the will of said Lucy A. Fuller; and I do hereby assign, transfer and set over unto the said Ida K. Fuller all my rights and interest as legatee under the will of the said Lucy A. Fuller, and all the monies coming to me now or hereafter as legatee under the will of the said Lucy A. Fuller, I hereby assign, transfer and set over unto the said Ida K. Fuller ; and more particular all rights and interests which I now have or may hereafter at any time have under and by virtue of the third clause of the will of the said Lucy A. Fuller I hereby assign, transfer and set over unto the said Ida K. Fuller, with full power and authority to execute any and all instruments and make all necessary discharges."

The receipt of Edward F. Merrill for the $3,000 bequeathed to him by the first clause of the will, mentioned in the opinion, was executed under seal by the defendant Merrill on November 9, 1898, and, with the omission of the attesting clause, was as follows : "Received of Edward H. Lathrop, Administrator with the will annexed of Lucy A. Fuller the sum of Three Thousand (3,000) dollars being the legacy made to me in said will and in full consideration thereof ; and in full discharge of said administrator from the payment thereof and also in full receipt and discharge of all legacies under said will."

The case was submitted on briefs.

*C. H. Barrows*, for the defendant Edward F. Merrill.

*J. B. Carroll, W. H. McClintock & J. F. Jennings*, for the defendant Ida K. Fuller.

LORING, J. The question upon which the rights of the defend-

ants in this case depend is this: Were the interests which the legatees took under the third clause of the will legal or equitable interests ?

A testator cannot qualify a devise of a legal estate in land or a bequest of an absolute legal interest in personal property by a provision that the devisee's estate or the legatee's interest shall not be alienated nor taken for his debts. Of that there never has been and is not now any doubt. Co. Lit. 223 a. *Blackstone Bank* v. *Davis*, 21 Pick. 42. *Gleason* v. *Fayerweather*, 4 Gray, 348. *Lane* v. *Lane*, 8 Allen, 350. *Broadway National Bank* v. *Adams*, 133 Mass. 170, 171. *Todd* v. *Sawyer*, 147 Mass. 570. *Winsor* v. *Mills*, 157 Mass. 362, 363, 364. *Butterfield* v. *Reed*, 160 Mass. 361. *Cushing* v. *Spalding*, 164 Mass. 287. See also *Ide* v. *Ide*, 5 Mass. 500 ; *Bassett* v. *Nickerson*, 184 Mass. 169; *Galligan* v. *McDonald*, 200 Mass. 299.

On the other hand it must be taken now to be settled in this Commonwealth that in case of the devise of an equitable fee in land or the bequest of an equitable interest in personal property the rule which originated in *Broadway National Bank* v. *Adams*, 133 Mass. 170, obtains, and limitations against alienation and forbidding the property to be taken for the debts of the devisee or legatee are valid. *Claflin* v. *Claflin*, 149 Mass. 19. *Young* v. *Snow*, 167 Mass. 287. *Danahy* v. *Noonan*, 176 Mass. 467. *Hoffman* v. *New England Trust Co.* 187 Mass. 205. *Dunn* v. *Dobson*, 198 Mass. 142.

Had the gift of the residue to the son of the testatrix been in terms a gift to him for life, the residue would have been held by the executor during the life of the son, the income of it would have been paid by him to the son during his life, and on his death the residue would have been paid over by the executor to the legatees to whom it was given on the son's death. *Dorr* v. *Wainwright*, 13 Pick. 333, 338. *Field* v. *Hitchcock*, 17 Pick. 182, 183. *Homer* v. *Shelton*, 2 Met. 194, 206. *Johnson* v. *Bridgewater Iron Manuf. Co.* 14 Gray, 274. *Lewis* v. *Shattuck*, 173 Mass. 486. The gift over in that case would have been a bequest of a legal interest for which the legatee could have brought an action of contract. R. L. c. 141, § 19. We do not think that the language of Field, J., in *Hooper* v. *Bradbury*, 133 Mass. 303, 307, should be taken to mean anything more than that the relation

between the executor and the life tenant in such a case is a trust or in the nature of a trust.

We must assume on this record that the residue consisted entirely of personal property. The bill is brought by an administrator with the will annexed as such, for instructions as to the distribution of "assets" in his hands.

All the personal property of a testator vests in his executor by the probate of the will. *Hays* v. *Jackson,* 6 Mass. 149, 152. *Dawes* v. *Boylston,* 9 Mass. 337, 352. *Clapp* v. *Stoughton,* 10 Pick. 463, 468. It is sometimes said that an executor holds as trustee for the legatees. But all that is meant by that is that he holds title to his testator's goods in *autre droit, Weeks* v. *Gibbs,* 9 Mass. 74, 75, 76, and not in his own right. The right of those for whom he holds is a legal not an equitable right, and is enforced by an action at law. R. L. c. 141, § 19.

The bequest to the executor to pay the income to the son of the testatrix for life had no more effect than a devise to an heir. The result in the case at bar is the same as if there had been no bequest to the executor. This seems to have been assumed in the administration of the estate of the testatrix. The residue seems to have been administered by the administrator with the will annexed as such.

The result is that the gifts over after the son's life estate were gifts of an absolute legal, not of an absolute equitable, interest.

The remaining question is this : Since the fourth clause of her will shows that the testatrix intended all legacies to be inalienable and not subject to be taken for the legatees' debts, why should not the legacies given by the third clause be construed to be equitable and not legal interests in order that that intention of hers may be carried into effect? The first answer to this contention is that the province of the court is not to conjecture what the testator's intention was and then read it into the will, but to ascertain his intention by construing the words which he used as the declaration of it. See in this connection *Child* v. *Child,* 185 Mass. 376, 378. The gifts made by the third clause are in terms bequests of legal interests, to be paid over by the executor as executor. The case at bar is quite different from the case which would have been presented if the testatrix had devised

and bequeathed the residue of her property real and personal, or even if she had bequeathed the residue of it, consisting of personal property only, to a third person in trust to pay the income to her son for life, and upon his death to convey, pay over and distribute, or to pay over and distribute, the principal to and among the persons named in the fourth clause of her will. The duty of paying over on the son's death was no part of the trust described in the second clause. That was left to be done by the executor exactly as if the gift to the son for life had been made without a bequest to the executor to carry it into effect. And in the second place, if the court were at liberty to enter upon this field of conjecture it is hard to believe that the testatrix intended to provide that the legacies (1) to the Young Men's Christian Association, (2) to the Woman's Board of Missions, (3) to the Children's Aid Society, and (4) to the Home Missionary Society should be inalienable and not subject to the legatees' debts. The legacy here in question and that to Henry C. Merrill stand on the same footing as the legacies to these charitable organizations. These considerations would lead the court to conjecture that it was not the intention of the testatrix in the case at bar to have the fourth clause apply to all legacies. But (as we have said) her intention must be ascertained by construing the words used by her as her declaration of it. So ascertained, it was her intention that the provisions of the fourth clause should apply to all legacies given by the will.

It has not been contended that Edward F. Merrill released his rights under the third clause of the will by giving under seal a "full receipt and discharge of all legacies under said will" when he received payment of the legacy bequeathed to him in the first clause of it.

It follows that the interest assigned by Edward F. Merrill to Ida K. Fuller was a legal interest, the assignment of it was a valid one, and the plaintiff should be directed to pay to her all sums due him under the third clause of the will.

*So ordered.*