## QUENTIN RAWLEIGH SMITH v. ROBERTA SMITH.

253 N. W. 2d 143.

April 15, 1977—No. 46583.

D. *Patrick McCullough*, for appellant.

*Gray, Plant, Mooty & Anderson* and *James R. Lande*, for respondent.

Heard before Todd, MacLaughlin, and Stahler, JJ., and considered and decided by the court en banc.

THOMAS J. STAHLER, JUSTICE.*

Plaintiff, Quentin Rawleigh Smith, appeals from a judgment of the district court ordering him to transfer certain assets held in trust to defendant, Roberta Smith, his former wife. We affirm.

The parties to this action were divorced pursuant to a stipulated settlement on December 27, 1971. The divorce decree awarded defendant custody of the three minor children of the parties, certain property of plaintiff, and child support and alimony. Among the assets awarded defendant was a portion of plaintiff's interest as beneficiary of a spendthrift trust, to be transferred to defendant upon plaintiff's attaining the age of 45.

The trust at issue is an inter vivos trust created by instrument dated December 22, 1941. The settlor, Minnie B. Rawleigh, was at that time a resident of Illinois. The First National Bank of Chicago was named trustee. The instrument provided that the trust fund be divided into two trusts of equal value for the separate benefit of the settlor's two daughters. The net income of the trusts was to be paid to the daughters during their lifetimes, and upon the death of either daughter, the remainder of her trust would go to her children per stirpes. Each child of a deceased daughter of the settlor was to be given a separate trust and would have the right to withdraw up to one-third of the principal after reaching age 35, two-thirds after age 40, and all after age 45.

Plaintiff, one of the settlor's grandchildren, was 42 years old at the time of the divorce. He had at the time of the stipulation

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

the unqualified right to withdraw an amount sufficient to satisfy the award to defendant in the divorce decree.[1]

Following the divorce, the parties had numerous disagreements over child support and other matters which, although set forth in plaintiff's brief, are not issues before this court. Plaintiff failed to request withdrawal and transfer to defendant of any portion of the trust assets upon reaching age 45. Defendant then brought a motion for an order compelling plaintiff to request the trustee to pay defendant her award pursuant to the divorce decree and for other relief. The referee entered a decision favorable to defendant and plaintiff appealed to the district court. The district court affirmed, reasoning that Illinois law applied and that under Illinois law a spouse's claim for alimony, child support, and property division defeats a spendthrift provision in a trust.

■ Plaintiff admits that he freely entered into the stipulation as part of the property settlement between himself and defendant. He further admits that at the date of the stipulation he had the unqualified right to request of and to receive from the trustee more than sufficient assets of the trust to satisfy the requirements of the stipulation relating to the portion of the trust he agreed to assign to the defendant. However, he now takes the position that he has the legal right to refuse to make written re-

---

[1] The relevant portion of the divorce decree provides: "That at plaintiff's age 45, or at such time as the plaintiff shall first have the right to withdraw funds from the Minnie B. Rawleigh Trust under Agreement dated December 22, 1941, the plaintiff shall forthwith determine the amount of taxes that will accrue from the sale of securities held in said Minnie B. Rawleigh Trust; determine further one-half the amount of any tax attributable to the sale of securities from the Northwestern Natonal Bank of Minneapolis Trust, to accomplish the purposes of this decree herein; and after deducting said taxes plus $28,000.00 from the total amount of said Minnie B. Rawleigh Trust, pay over to the defendant one-third of the remainder as a further property settlement herein."

Although the provisions of the decree are unclear, plaintiff has conceded for purposes of this appeal that he could have withdrawn an amount sufficient to satisfy the award at the time of the divorce.

quest to the trustee for withdrawal and transfer of the trust assets, which would facilitate and accomplish the terms of the stipulation. Plaintiff attempts to hide behind the spendthrift provisions of the trust instrument as a legal justification for his position.

We find it unnecessary to determine whether the law of Illinois or Minnesota applies or whether the law of either state would permit a settlor, through a spendthrift clause, to nullify a part of the beneficiary's divorce settlement in a case such as this. We conclude that the terms of the trust itself compel affirmance of the trial court's order. The relevant portions of the trust provide:

"All withdrawals shall be made by written instrument delivered to the Trustee during the lifetime of [the beneficiary] and after the right to make the withdrawal requested has accrued.

\* \* \* \* \*

"The income payments provided for hereunder shall only be made when and as such income, after it shall have accrued, 'shall be in the possession of the Trustee for payment and no disposition, charge or encumbrance of such income or of the principal of the Trust Fund, or of any part thereof, by any beneficiary hereunder by way of anticipation shall be of any validity or legal effect or be in any wise regarded by the Trustee and no such income or principal, or any part thereof, shall in any wise be liable to any claim (whether legal or equitable) of any creditor of any such beneficiary."

Plaintiff has attempted to characterize the issue in this case as whether a spouse's claim for alimony and child support and, as in this matter, a property division can reach the assets in a spendthrift trust. Although prior decisions of this court have established that a spendthrift trust is immune from such claims, Erickson v. Erickson, 197 Minn. 71, 266 N. W. 161 (1936); In re Trust Created by Moulton, 233 Minn. 286, 46 N. W. 2d 667 (1951), the law of Illinois is unclear, cf. Dinwiddie v. Baum-

berger, 18 Ill. App. 3d 933, 310 N. E. 2d 841 (1974); Keller v. Keller, 284 Ill. App. 198, 1 N. E. 2d 773 (1936). Plaintiff fails to grasp the distinction between the two types of protection afforded by the spendthrift provision. On the one hand, it exempts assets in the hands of the trustee from attachment, garnishment, or execution to pay the debts of the beneficiary. Such protection may be effective even though the beneficiary has the unqualified right to withdraw the assets. Erickson v. Erickson, *supra*. This case concerns the second aspect of the spendthrift clause, which declares assignments of trust assets "by way of anticipation" null and void. Black, Law Dictionary (Rev. 4 ed.) p. 119, defines "anticipation" in part as:

"Act of doing or taking a thing before its proper time * * *.

"In conveyancing, the act of assigning, charging, or otherwise dealing with income before it becomes due."

Webster's Third New International Dictionary (1961) p. 94, defines "anticipation" in part as:

"* * * 1: the use or spending of money before it is due or available: as a: the taking or alienation (as by assignment) of the income of a trust estate before it is due."

We believe the effect of this trust provision is to nullify, so far as can be legally done, any assignment of income or principal before the same is subject to withdrawal by the beneficiary. The justification for such a provision is obvious. If a beneficiary of a spendthrift trust can assign part of the trust before it becomes due, he essentially has present control over the assets and the spendthrift clause is defeated. This rationale does not apply once the assets are subject to withdrawal. The settlor intended that the beneficiary at that point would have the ability to dispose of the assets by his voluntary act. We therefore hold that this trust does not declare null and void a voluntary assignment of trust assets once the unqualified right to withdraw the assets has accrued. Such assignment does not violate the intent of the settlor. Since plaintiff does not otherwise contest the validity

of the divorce settlement, it is a valid and enforceable agreement.

■ It may well be that the trial court would have lacked authority to order plaintiff to withdraw any assets from this trust if plaintiff had not agreed to do so by the stipulation. By agreement, the parties to a divorce can impose obligations beyond the authority of the divorce court. LaBelle v. LaBelle, 302 Minn. 98, 223 N. W. 2d 400 (1974). This obligation became a part of the divorce decree and may therefore be enforced through contempt proceedings. Minn. St. 518.24. The judgment appealed from is therefore affirmed.

Affirmed.