Fannie MAE, Respondent,

v.

**HEATHER APARTMENTS LIMITED PARTNERSHIP d/b/a Vintage Lakes Apartments, et al., Defendants,**

Andrew C. Grossman, Appellant.

Nos. A10–1336, A10–1505.

Court of Appeals of Minnesota.

June 6, 2011.

Charles F. Webber, Bruce Jones, Faegre & Benson LLP, Minneapolis, MN, for respondent.

Lewis A. Remele, Jr., Jessica Schulte Williams, Bassford Remele PA., Minneapolis, MN, for appellant.

Considered and decided by WRIGHT, Presiding Judge; LARKIN, Judge; and COLLINS, Judge.

## OPINION

COLLINS, Judge.*

Appellant Andrew C. Grossman challenges (1) a temporary injunction prohibit-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

ing him from transferring or otherwise disposing of any proceeds that he may receive from a spendthrift trust established by his late father, and (2) the district court's subsequent order applying the trust proceeds, as they come due, to satisfy respondent Fannie Mae's judgment. We reverse.

## FACTS

Appellant's father established a revocable trust in 1983. The trust agreement provides, in relevant part, that upon the death of appellant's father and after certain distributions are made, the trustee shall divide the balance of the trust estate into equal shares for appellant and his siblings. The trustee is then required to distribute each living child's share "outright and free of trust" to the child. The trust agreement also contains a spendthrift provision:

> Neither the principal nor the income of any trust created hereunder shall be liable for the debts of any beneficiary, and, except as otherwise expressly provided herein ..., no beneficiary shall have any power to sell, assign, transfer, encumber, or in any other manner to anticipate or dispose of his or her interest in any such trust created hereunder, or the income produced thereby, prior to the actual distribution in fact by the Trustee to said beneficiary.

In August 2007, respondent obtained a $7,579,928.10 judgment with per diem interest against appellant in Oklahoma state court. The judgment was docketed in Hennepin County in November 2007. Nearly one year later, in October 2008, respondent deposed appellant about his assets. Appellant testified that he had transferred his interests in several corporate entities into an offshore trust in the Cook Islands two or three months before the deposition. These corporate interests were worth approximately $8 million as of November 2009. Appellant also liquidated his individual retirement account and placed the proceeds—approximately $300,000 or $400,000—in the Cook Islands trust. Appellant testified that his children are the beneficiaries of the Cook Islands trust; he did not recall whether he is also a beneficiary.

Appellant's father died in January 2010. In February 2010, respondent filed an ex parte motion for a temporary restraining order to prohibit appellant from transferring or disposing of any assets "that he has received, is due to receive, or will receive as a result of the death of his father." The district court, after stating its concerns about what appellant might do with the trust proceeds, granted the motion and enjoined appellant

> from in any way transferring or disposing of any interest in money, property, or other assets that he has received, is due to receive, or will receive as a result of the death of his father ... (including, but not limited to, any interest in any trust established by [appellant's father] or any money or property distributed or to be distributed from the estate of [appellant's father] or under any will or last testament of [appellant's father], pending further order from this Court.

On June 2, 2010, the district court converted the temporary restraining order into a temporary injunction.

Respondent also moved the district court for application of assets to judgment. On June 16, 2010, the district court granted the motion in part. The district court appointed a receiver to take custody of and liquidate "all inheritance proceeds of [the trust established by appellant's father] appointment pursuant to Minn. Const. art. VI, § 10.

which are eligible for distribution to [appellant], as they come due" and to apply the trust proceeds to satisfy respondent's judgment.

In July 2010, the district court denied, among other requests, appellant's motion to reconsider and his motion to stay enforcement of judgment. The district court appointed a receiver shortly thereafter.

Appellant filed two notices of appeal; one regarding the June 2 temporary injunction and one regarding the June 16 order applying the trust proceeds to respondent's judgment. This court granted appellant's motion to consolidate the two appeals and ordered the parties to brief the appealability of the June 16 order. We concluded that the June 16 order is not independently appealable.

### ISSUES

I. Is it appropriate to grant discretionary review of the June 16 order?

II. May a district court, before the beneficiary of a spendthrift trust actually receives trust proceeds, determine what the beneficiary may or may not do with the trust proceeds upon receipt?

### ANALYSIS

### I.

Appellant challenges the June 2 and June 16 orders as they affect proceeds that appellant might receive[1] from the trust established by his late father. By order filed October 16, 2010, the special-term panel ruled that the June 16 order is not appealable as of right and deferred to the panel that would consider the merits of the appeal whether, under Minn. R. Civ. App. P. 103.04, it was in the interests of justice to extend review to the June 16 order. Both orders raise the question of whether the district court may, before a beneficiary of a spendthrift trust receives trust proceeds, determine what the beneficiary may do with trust proceeds upon receipt. On the facts of this appeal, we conclude that addressing that question with respect to the June 2 order but not the June 16 order would be of limited assistance to the parties and the district court. Therefore, on the facts of this appeal, we will exercise our discretion to extend review to the June 16 order. *See* Minn. R. Civ.App. P. 103.04 (allowing an appellate court to review questions "as the interests of justice may require"); *Putz v. Putz*, 645 N.W.2d 343, 350 (Minn.2002) (ruling that justice required consideration of an issue not properly before the court).

### II.

We now turn to the question of whether a district court may, before a beneficiary of a spendthrift trust actually receives trust proceeds, determine what the beneficiary may or may not do with the proceeds upon receipt. This is an issue of first impression.

The district court based the June 2 and June 16 orders on Minn.Stat. § 575.05 (2010), which provides:

> The [district court] may order any of the judgment debtor's property in the hands of the judgment debtor or of any other person, or due to the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment.... The [district court] may appoint a receiver of the debtor's unexempt property, or forbid a transfer or other disposition thereof, or any interference therewith, until further order therein.

We review a district court's application of section 575.05 de novo. *Porter v. Porter*,

---

1. There is no evidence that appellant has actually received proceeds from the trust.

389 N.W.2d 739, 741 (Minn.App.1986). We review a district court's decision to grant a temporary injunction for an abuse of discretion. *Transit Team, Inc. v. Metro. Council,* 679 N.W.2d 390, 399 (Minn.App. 2004). It is an abuse of discretion for a district court to base its ruling on an erroneous view of the law. *Id.*

■ First, appellant argues that the district court could not rely on section 575.05 because the statute does not authorize orders affecting proceeds not within a person's possession or control. We agree that section 575.05 does not authorize orders affecting proceeds of a spendthrift trust that may be distributed to a beneficiary in the future. *See Johnson v. Brajkovich,* 229 Minn. 529, 531–32, 40 N.W.2d 273, 274–75 (1949) (stating that section 575.05 cannot require a person to pay over money that he or she neither possesses nor controls).

Second, appellant argues that the June 2 and June 16 orders are contrary to the law of spendthrift trusts in Minnesota. We agree.

■ "A spendthrift trust is a trust in which the power of alienation is suspended." *Morrison v. Doyle,* 582 N.W.2d 237, 240 (Minn.1998) (footnote omitted). Consequently, the income and principal of a spendthrift trust "may not be reached by creditors either at law or by equitable proceeding" until the beneficiary actually receives the proceeds. *Erickson v. Erickson,* 197 Minn. 71, 77–79, 266 N.W. 161, 163–64 (1936) (including creditors for alimony or child support); *see also First Nat'l Bank of Canby v. Olufson,* 181 Minn. 289, 294, 232 N.W. 337, 339 (1930) (stating that once trust proceeds come into the hands of the beneficiary, the proceeds are subject to the claims of the beneficiary's creditors). *But see In re Trust Created Under Agreement with McLaughlin,* 361 N.W.2d 43, 46 (Minn.1985) (suggesting

that evidence of unreasonable delay on the part of the trustee or evidence of a beneficiary's intent to defraud his creditors "by leaving assets, which he has a right to demand, in a spendthrift trust" might support a finding that proceeds have been distributed in fact).

Although Minnesota caselaw has established that a district court may not reach proceeds of a spendthrift trust on behalf of a beneficiary's creditors until the proceeds have actually been received by the beneficiary, no Minnesota appellate court has addressed the issue of whether a district court may, before proceeds of a spendthrift trust are distributed, issue an order that will have no effect until appellant receives the proceeds.

The issue here is similar to one addressed by the supreme court in *In re Lee's Estate,* 214 Minn. 448, 9 N.W.2d 245 (1943). In that case, the beneficiaries of a trust believed that a previous trustee had not paid them their required benefits. *Lee's Estate,* 214 Minn. at 449–51, 9 N.W.2d at 246–47. The beneficiaries sought assistance from the new trustee, an attorney. *Id.* The attorney-trustee entered into an agreement with the beneficiaries, which provided: "[Y]ou will pay me one-third of whatever amount may be found to be still due you from said trust, for said period; and may be paid over to you or recovered for you for said period." *Id.* at 451, 9 N.W.2d at 247. The supreme court held that this contract violated the trust's spendthrift provision, citing an Illinois case for the principle that a beneficiary's contingent-fee agreement with an attorney is "in effect an assignment of interest." *Id.* at 454–55, 9 N.W.2d at 248–49 (citing *McKeown v. Pridmore,* 310 Ill. App. 634, 35 N.E.2d 376, 381 (1941)). And the supreme court rejected the attorney-trustee's argument that the contract

"was merely one to pay over money after it was received by the beneficiary":

> Without conceding that this would make the contract any less objectionable, the language of the agreement does not sustain this contention. It provides that appellant was to receive one-third of whatever amount "may be paid over to you or recovered for you [the beneficiaries]." Appellant, moreover, contends that although the trust provides that the interest of the beneficiaries shall not be subject to creditors' claims, yet when a beneficiary, for value, agrees to transfer his interest and fails to do so, the beneficiary is liable for breach of contract, and, although creditors cannot obtain satisfaction out of the beneficiary's interest under the trust, they may reach such property as the beneficiary may own other than trust property. A complete answer to this contention is found in the fact that appellant sought to satisfy his claim ... out of the very trust property involved in the trust estate under consideration here.

*Id.* at 455, 9 N.W.2d at 248–49 (alteration in original) (emphasis omitted).

 Minnesota caselaw establishes that proceeds of a spendthrift trust are inviolable until actually received by the beneficiary. *See In re Trust Created by Moulton,* 233 Minn. 286, 300–303, 46 N.W.2d 667, 674–76 (1951) (rejecting argument that former spouse who is owed property settlement should be allowed to reach trust corpus); *Lee's Estate,* 214 Minn. at 454–55, 9 N.W.2d at 248–49 (refusing to enforce beneficiaries' agreement to pay an attorney-trustee with future proceeds of a spendthrift trust); *Erickson,* 197 Minn. at 77–79, 266 N.W. at 163–64 (holding that a court cannot reach the proceeds of a trust until actually distributed to the beneficiary). Such rulings respect Minnesota's longstanding policy of enforcing donative intent. *See Morrison,* 582 N.W.2d at 240–41; Erwin N. Griswold, *Spendthrift Trusts* § 195, at 214–17 (2d ed.1947) (characterizing Minnesota caselaw, including *Erickson* and *Lee's Estate,* as upholding spendthrift trusts in an "extreme" and "wholehearted fashion"). We therefore hold that a district court may not, before proceeds of a spendthrift trust are received by the beneficiary, determine what the beneficiary may or may not do with the proceeds. To hold otherwise would be to defeat the spendthrift provision. *See Smith v. Smith,* 312 Minn. 541, 545, 253 N.W.2d 143, 146 (1977) ("If a beneficiary of a spendthrift trust can assign part of the trust before it becomes due, he essentially has present control over the assets and the spendthrift clause is defeated."); George Taylor Bogert, *Trusts* § 40, at 150 (6th ed. 1987) ("The sole object [of a spendthrift trust] is to prevent anticipation of trust income or principal by assignments of the right to receive future income or principal or from attempts by creditors of the beneficiary to reach such right.").

## DECISION

The district court lacked authority to issue the June 2 and June 16 orders because the orders preceded appellant's receipt of any proceeds of the spendthrift trust.

**Reversed.**