463 So.2d 218 (1985)
Adriana BACARDI, Petitioner,
v.
Robert B. WHITE, Trustee, and Luis Facundo Bacardi, Respondents.
No. 65181.
Supreme Court of Florida.
January 31, 1985.
*219 Joe N. Unger of the Law Offices of Joe N. Unger, P.A., Miami, and Nard S. Helman of Helman & Young, Coral Gables, for petitioner.
Steven Naclerio, Miami, for Robert B. White.
Roger D. Haagenson, Fort Lauderdale, for Luis Facundo Bacardi.
ALDERMAN, Justice.
Adriana Bacardi seeks review of the decision of the District Court of Appeal, Third District, in White v. Bacardi, 446 So.2d 150 (Fla. 3d DCA 1984), which expressly and directly conflicts with Gilbert v. Gilbert, 447 So.2d 299 (Fla. 2d DCA 1984).[1]
*220 The issue presented is whether disbursements from spendthrift trusts can be garnished to satisfy court ordered alimony and attorney's fee payments before such disbursements reach the debtor-beneficiary. The Third District in Bacardi held that a former wife of a spendthrift trust beneficiary may not reach the income of that trust for alimony before it reaches the beneficiary unless she can show by competent and substantial evidence that it was the settlor's intent that she participate as a beneficiary. We quash the decision of the district court and hold that disbursements from spendthrift trusts, in certain limited circumstances, may be garnished to enforce court orders or judgments for alimony before such disbursements reach the, debtor-beneficiary.[2] We also hold that an order or judgment for attorney's fees awarded incident to the divorce or the enforcement proceedings may be collected in the same manner.
The facts relevant to this holding are as follows. Luis and Adriana Bacardi were married for approximately two years and had no children. When the marriage ended in divorce, they entered into an agreement whereby Mr. Bacardi agreed to pay Mrs. Bacardi alimony of $2,000 per month until the death of either of them or until she remarried. The final judgment dissolving their marriage incorporated this agreement.
Shortly thereafter Mr. Bacardi ceased paying alimony. Mrs. Bacardi subsequently obtained two judgments for the unpaid alimony, with execution authorized, in the total amount of $14,000. She also obtained a third judgment for attorney's fees in the amount of $1,000 awarded incident to the divorce. In aid of execution on the three judgments, she served a writ of garnishment on Robert White as a trustee of a spendthrift trust created by Mr. Bacardi's father for the benefit of his son Luis. Additionally, she obtained a continuing writ of garnishment against the trust income for future alimony payments as they became due.
The trust instrument contained a spendthrift provision which stated:
No part of the interest of any beneficiary of this trust shall be subject in any event to sale, alienation, hypothecation, pledge, transfer or subject to any debt of said beneficiary or any judgment against said beneficiary or process in aid of execution of said judgment.
Both Luis Bacardi and Mr. White appealed the trial court's garnishment order. They asserted that under this spendthrift provision, *221 the trust could not be garnished for the collection of alimony and incident attorney's fees. The district court agreed, reversed the trial court's order, and remanded the case for further proceedings.
The district court noted that this state has long recognized the validity of spendthrift trust provisions, Waterbury v. Munn, 159 Fla. 754, 32 So.2d 603 (1947), and further that Florida has no statutory law limiting or qualifying spendthrift provisions where alimony payments are involved. In deciding this case, the district court aligned itself with what it believed to be both the modern trend and the best reasoned view. It stated that its holding squares with the public policy of this state as expressed in Waterbury v. Munn. It concluded that the legislature, rather than the courts, should resolve the question whether that public policy should yield to the competing public policy of enforcing support.
Respondents urge that we approve the district court's decision and hold that the settlor's intent prevails over any public policy arguments which would allow the alienation of disbursements from the trust. They contend that an ex-wife's debt is no different than any ordinary debt even though it represents unpaid alimony and related attorney's fees and that, therefore, her claim should be treated the same as the claim of any other creditor. They assert that it is clear from reading the spendthrift provision that the settlor did not intend Adriana Bacardi to participate as a beneficiary and that this intent precludes garnishment.
This case involves competing public policies. On the one hand, there is the long held policy of this state that recognizes the validity of spendthrift trusts. On the other hand, there is the even longer held policy of this state that requires a former spouse or a parent to pay alimony or child support in accordance with court orders. When these competing policies collide, in the absence of an expression of legislative intent, this Court must decide which policy will be accorded the greater weight.
We recognize that spendthrift trusts serve many useful purposes such as protecting beneficiaries from their own improvidence, protecting parties from their financial inabilities, and providing a fund for support, all of which continue to have merit. We acknowledge that one of the basic tenets for the construction of trusts is to ascertain the intent of the settlor and to give effect to this intent. See West Coast Hospital Association v. Florida National Bank, 100 So.2d 807 (Fla. 1958). We are also aware that some courts of other jurisdictions have refused to invade spendthrift income for alimony and support solely on the basis that the settlor's intent controls. For example, in Erickson v. Erickson, 197 Minn. 71, 266 N.W. 161 (1936), the Minnesota Supreme Court held that the ex-wife of a spendthrift trust beneficiary could not reach his interest for alimony and support and stated:

When unrestrained by statute it is the intent of the donor, not the character of the donee's obligation, which controls the availability and disposition of his gift. The donee's obligation to pay alimony or support money, paramount though it may be, should not, in our opinion, transcend the right of the donor to do as he pleases with his own property and to choose the object of his bounty. Our conclusion does not arise out of any anxiety for the protection of the beneficiary. In the absence of statute and within the limits as to perpetuities, a donor may dispose of his property as he fees fit, and this includes corpus or principal as well as income.
Id. at 78, 266 N.W. at 164 (emphasis supplied). Accord Bucknam v. Bucknam, 294 Mass. 214, 200 N.E. 918 (1936); Dinwiddie v. Baumberger, 18 Ill. App.3d 933, 310 N.E.2d 841 (1974).
Other jurisdictions have permitted an ex-spouse to reach the income of a spendthrift trust for alimony and child support on public policy grounds finding that the legal obligation of support is more compelling than enforcing the settlor's intent. See Safe Deposit Trust Co. v. Robertson, *222 192 Md. 653, 65 A.2d 292 (1949) (spendthrift trust provisions should not be extended to alimony claims because the ex-spouse is a favored suitor and the claim is based upon the strongest public policy grounds); Lucas v. Lucas, 365 S.W.2d 372 (Tex.Civ.App. 1962) (public policy will not allow a spendthrift trust beneficiary to be well taken care of when those who he has a legal duty to support must do without such support); Dillon v. Dillon, 244 Wis. 122, 11 N.W.2d 628 (1943) (public policy will not prohibit spendthrift trust funds from being reached by a beneficiary's wife). See also Restatement (Second) of Trusts § 157 (1959).
This state has always had a strong public policy favoring the enforcement of both alimony and child support orders. For example, in Brackin v. Brackin, 182 So.2d 1 (Fla. 1966), we held that the basis of an order awarding alimony or support money is the obligation imposed by law that a spouse do what in equity and good conscience he or she ought to do under the circumstances. We said: "Unlike judgments and decrees for money or property growing out of other actions, alimony and support money may have no foundation other than the public policy which requires the husband to pay what he ought to pay... ." Id. at 6 (emphasis supplied). In City of Jacksonville v. Jones, 213 So.2d 259 (Fla. 1st DCA 1968), the district court stated "[t]he public policy of this state requires that judicial orders providing for payment of child support be enforceable." Id. at 259.
We have weighed the competing public policies and, although we reaffirm the validity of spendthrift trusts, we conclude that in these types of cases the restraint of spendthrift trusts should not be an absolute bar to the enforcement of alimony orders or judgments. Florida's interest in the enforcement of these awards under certain limited circumstances is paramount to the declared intention of the settlor and the restraint of a spendthrift trust.
In not every case where someone is attempting to enforce alimony orders or judgment, however, will garnishment of a spendthrift trust be appropriate. This enforcement alternative should be allowed only as a last resort. If the debtor himself or his property is within the jurisdiction of this state's courts, the traditional methods of enforcing alimony arrearages may be sufficient. In this event, there would be no overriding reason to defeat the intent of the settlor. Florida courts have a variety of methods available to enforce alimony and child support. When these traditional remedies are not effective, it would be unjust and inequitable to allow the debtor to enjoy the benefits of wealth without being subject to the responsibility to support those whom he has a legal obligation to support.
We further limit this right of garnishment to disbursements that are due to be made or which are actually made from the trust. If, under the terms of the trust, a disbursement of corpus or income is due to the debtor-beneficiary, such disbursement may be subject to garnishment. If disbursements are wholly within the trustee's discretion, the court may not order the trustee to make such disbursements. However, if the trustee exercises its discretion and makes a disbursement, that disbursement may be subject to the writ of garnishment.
This case raises another issue. The trial court ordered a continuing garnishment against the Bacardi trust for future payments of alimony as the sums became due. This order was challenged on appeal by the trustee and the debtor-beneficiary. In light of its holding that the trust was not subject to garnishment, the district court did not consider this issue. Since we quash the district court's holding, it is appropriate that we consider and resolve this issue.
The same point was presented and decided by the Second District in Gilbert v. Gilbert. In that case, the husband objected to a continuing writ of garnishment for future alimony against his spendthrift trust. He argued that section 61.12(2), Florida Statutes (1981), which authorized continuing writs of garnishment to enforce orders for alimony and child support, is *223 applicable only to the garnishment of an employer. The Second District, in responding to this argument, held that the same result could be obtained under the provisions of section 61.11, Florida Statutes (1981), which reads as follows:
61.11 Effect of judgment of alimony.  A judgment of alimony granted under s. 61.08 or s. 61.09 releases the party receiving the alimony from the control of the other party, and the party receiving the alimony may use his alimony and acquire, use, and dispose of other property uncontrolled by the other party. When either party is about to remove himself or his property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against him or his property and make such orders as will secure alimony to the party who should receive it.
The Gilbert court said:
The remedy is drastic but appropriate to cope with the husband's misconduct. We, therefore, sustain the continuing aspect of the order in lieu of ne exeat as necessary to secure payment of alimony. The bank may continue to administer the trust according to its provisions, but to protect itself it will need to withhold all payments due to the husband in excess of alimony then due and owing in order to secure the future alimony payments. The bank is entitled to seek the court's instructions, and the order is always subject to modification upon a proper showing by any interested party. Id. at 302-03.
We agree that the continuing aspect of such orders may be sustained in lieu of ne exeat as necessary to secure payment of alimony. It should be remembered, however, that a continuing garnishment against a spendthrift trust in lieu of ne exeat is also a "last resort" remedy that is available only when the traditional methods of enforcing alimony arrearages are not effective. We also note that where a continuing garnishment is appropriate, the trustee, if it wishes to make payments to the debtor-beneficiary in excess of alimony then due, should seek court approval before it makes such payments. The court may then authorize such payments if sufficient assets remain in the trust or if other provisions are made to secure the payment of alimony to the person who should receive it.
We also hold that an order awarding attorney's fees or a judgment for such fees which result from the divorce or enforcement proceedings is collectible in the same manner. Such awards represent an integral part of the dissolution process and are subject to the same equitable considerations. If the ex-spouse must pay attorney's fees out of the support awards, it only reduces the amount of support available to the needy party. This is especially true where post-decretal services are required by an attorney to enforce such awards.
Accordingly, we quash the decision of the district court and remand this case for further proceedings consistent with our opinion.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents.
NOTES
[1] The facts in Gilbert, as stated by the Second District Court, are as follows:

In the judgment of dissolution, the court ordered the husband to pay permanent periodic alimony of $2,500 per month and lump sum alimony in the amount of $35,000 payable in six-month installments of $3,500. The court also required that he be responsible for reasonable and necessary medical expenses of the wife attributable to her multiple sclerosis and that he pay her attorney's fees of $24,750. The husband never paid the attorney's fees and later stopped paying alimony and the wife's medical expenses. The court entered a writ of ne exeat and held him in contempt, but these actions proved futile because he fled the jurisdiction. He is now thought to be living in England. The husband also removed his assets from the state, thereby thwartinq the wife's efforts to collect the arrearages.
In her efforts to enforce the dissolution judgment, the wife sought to garnish the husband's interest in a trust established by Emily H. Gilbert for the benefit of various beneficiaries and administered by Southeast Bank as trustee. The trust contained the following paragraph:
5.2  Spendthrift Provision; the interest of each beneficiary in the income or principal of each trust hereunder shall be free from the control or interference of any creditor of a beneficiary or of any spouse of a married beneficiary and shall not be subject to attachment or susceptible of anticipation or alienation.
Notwithstanding this provision, the court entered judgment in garnishment against the bank as trustee for $50,500 arrearages in alimony and medical expenses and $18,000 in attorney's fees. The court also entered a continuing writ of garnishment directing the bank to pay to the wife out of the trust the periodic and lump sum alimony as it becomes due. Id. at 30001.
The Gilbert court held:
In light of our strong public policy toward requiring persons to support their dependents, we hold that spendthrift trusts can be garnished for the collection of arrearages in alimony. We also believe that a claim for attorney's fees awarded incident to the divorce is collectible in the same manner. Id. at 302.
[2] Although this case involves a garnishment to enforce court orders or judgments for alimony, the rationale of our holding would also apply to child support cases.