WALDEN, Judge.
This appeal concerns a spendthrift trust and its vulnerability to the claim of a creditor. The creditor is an attorney who claims court awarded attorney’s fees and costs for services rendered to the wife in her divorce proceedings with the trust beneficiary. The trial court entered final judgment ordering the trustee to pay the claimed sums from the net income of the trust. The trustee appeals. We reverse.
The disposition of this matter is exactly governed by the recent opinion of the Florida Supreme Court in Bacardi v. White, 463 So.2d 218 (Fla.1985), which opinion was issued subsequent to the rendition of the here appealed final judgment. We quote excerpts from that case:
*840 We quash the decision of the district court and hold that disbursements from spendthrift trusts, in certain limited circumstances, may be garnished to enforce court orders or judgments for alimony before such disbursements reach the debtor-beneficiary. We also hold that an order or judgment for attorney’s fees awarded incident to the divorce or the enforcement proceedings may be collected in the same manner. Id. at 220.
[[Image here]]
We have weighed the competing public policies and, although we reaffirm the validity of spendthrift trusts, we conclude that in these types of cases the restraint of spendthrift trusts should not be an absolute bar to the enforcement of alimony orders or judgments. Florida’s interest in the enforcement of these awards under certain limited circumstances is paramount to the declared intention of a spendthrift trust. Id. at 222.
* * * * # ⅜
We further limit this right of garnishment to disbursements that are due to be made or which are actually made from the trust. If, under the terms of the trust, a disbursement of corpus or income is due to the debtor-beneficiary, such disbursement may be subject to garnishment. If disbursements are wholly within the trustee’s discretion, the court may not order the trustee to make such disbursements. However, if the trustee exercises its discretion and makes a disbursement, that disbursement may be subject to the writ of garnishment. (Emphasis added) Id. at 222.
Thus, from our analysis, the determinative question is whether or not the trust is discretionary. If it is nondiscretionary, it would follow that the judgment should be affirmed. However, our review of the trust instrument reveals that it is manifestly a discretionary one. Here, the settlor provided that this beneficiary would never have any entitlement to the trust principal. The trust income, only, was to be paid to this beneficiary. The settlor further explicitly provided, on a continuing basis, with reference to the trust income:
When and if the Trustee shall have notice or shall believe that the rights or interests of any beneficiary in and to any part of the income of said trusts have been or may be diverted from such defined purpose, whether by voluntary act or legal process, the Trustee shall not pay or distribute such income to such beneficiary.
It follows, then, in accord with Bacardi v. White, that this attorney creditor may be entitled to employ a continuing garnishment against the trust. However, it will not be effective unless and until the trustee exercises its discretion and elects to make payments from the trust income to the beneficiary. The court may not order the trustee to make such disbursements and it was error for the trial court to enter judgment as it did against the trustee.
We reverse and remand for further proceedings consistent with this opinion and with the opinion rendered in Bacardi v. White.
Reversed and remanded.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.