SMITH, Judge.
Appellant, Southeast Bank of Sarasota, appeals the trial court’s income deduction order directing the bank to deduct child support payments from its trust account in favor of Harry L. Mundy, III. Appellant also appeals the trial court’s order awarding attorney’s fees to the ex-wife. We reverse.
Southeast Bank is the trustee of a discretionary spendthrift trust in favor of the grandson and ex-husband, Harry L. Mun-dy, III. All disbursements to Mundy are at the sole discretion of the trustee. There are no scheduled distributions and no percentages to be distributed to Mundy at specified times.
Harry L. Mundy, III, and Sandra (Mun-dy) Stone, formerly husband and wife, were divorced on February 5, 1976. The wife received custody of their minor child, Phillip L. Mundy, and the husband was ordered to pay monthly child support. The *738 husband failed to meet his support obligations which necessitated intervention by the court on several occasions.
On March 13, 1985, the court issued an income deduction order directed to Southeast Bank. The bank contested the order and the ex-wife, Mrs. Stone, responded by filing a motion to enforce the order. After hearing argument of counsel, the court issued an order on August 7, 1985, directing Southeast Bank to deduct from the trust in favor of Harry L. Mundy, III, first from income and then from principal, if necessary, the sum of $5,254.00, representing the arrearage of child support, plus the sum of $604.00 per month for a period of fourteen months and thereafter the sum of $504.00 per month during the child’s dependency. In a separate order dated August 20,1985, the trial court ordered Southeast Bank to pay the ex-wife’s legal fees in the amount of $1,000.00.
Appellant contends that section 61.-1301, Florida Statutes (1984 Supp.), does not authorize a trial court to order disbursements from a discretionary trust. We agree.
Section 61.1301, Florida Statutes (1984), states the following:
In addition and together with any such child support order or modification thereof pursuant to Section 61.13(l)(c), the court shall issue an income deduction order which directs the employer or former employer, or other person or agency providing or administering income to the person obligated for payment of child support, as specified in section 61.-181(3)(b)(3), to deduct from all money DUE AND PAYABLE to such person, the ENTITLEMENT to which moneys is based upon, but not limited to, remuneration for present and past employment, commissions and bonuses, retirement dividends, royalties, or TRUST ACCOUNTS, such amounts as are required to meet the obligation as provided in section 61.-181(3)(b). The income deduction order shall be forwarded to the entity authorized by law to receive, record, and disburse the child support payments of the person obligated for payment of child support; and the order shall take effect only upon service of a copy thereof in accordance with the provisions of section 61.181(3) or section 409.2574(4), as appropriate. (Emphasis supplied).
The above provision provides a remedy for collecting child support payments by means of an income deduction order. The trial court is authorized, among other things, to direct the trustee of a trust to deduct child support payments from all moneys “due and payable” to the debtor or beneficiary to which he is entitled according to the terms and conditions of the trust. By the use of such language as “due and payable” and “entitlement,” it is clear that the Legislature intended this provision to apply to trusts involving scheduled distributions. Conversely, it is clear that the Legislature did not intend this provision to apply to compel payment from trusts where distributions are wholly within the discretion of the trustee, because there would be no moneys “due and payable” and no “entitlement” to any income until the trustee had exercised his discretion to distribute funds. Since, in the instant case, distributions to the ex-husband are solely within the trustee’s discretion, the circuit court erred as a matter of law in issuing an unconditional income' deduction order against the ex-husband’s trust account prior to there having been an actual disbursement.
Appellant also contends that Bacardi v. White, 463 So.2d 218 (Fla.1985), controls the issuance of income deduction orders against spendthrift trusts. We agree. In Bacardi, the Florida Supreme Court held that spendthrift trusts were subject to garnishment to enforce support orders and judgments. However, the court placed certain limitations on the power of the trial court to invade spendthrift trusts. First, the court stated that this was a last resort remedy which should be used only after all traditional methods of enforcement had been exhausted. Second, the court stated that the remedy would be available against disbursements due to be made or which were actually made from the trust and that *739 disbursements wholly within the discretion of the trustee would be excluded until such disbursements were actually made, at which point, they would be subject to a writ of garnishment.
Section 61.1301 was enacted by the 1984 Legislature (Chapter 84-110) and became effective on January 1, 1985. The Florida Supreme Court released its Bacardi opinion on January 31, 1985 which was after the effective date of the statute. When the Legislature enacted section 61.1301, two intermediate appellate court decisions had been released on the issue of whether spendthrift trusts were subject to garnishment for payment of court-ordered alimony. White v. Bacardi, 446 So.2d 150 (Fla. 3d DCA 1984) and Gilbert v. Gilbert, 447 So.2d 299 (Fla. 2d DCA 1984). These two decisions were in direct and explicit conflict.
In drafting section 61.1301, the Legislature included “trust accounts” in its enumeration of sources of income which would be subject to income deduction orders. The provision is silent on the status of spendthrift trusts, however. In light of the longstanding validity of spendthrift trusts in this state and the confusion in the case law when the statute was passed, it is clear that the Legislature simply did not address the issue, except for its exclusion by implication of discretionary distributions which were not due and payable. Had the Legislature intended to limit or qualify the effectiveness of spendthrift trusts, it is reasonable to assume it would have specifically addressed the issue.
To reiterate, neither Bacardi v. White, supra, nor section 61.1301, Florida Statutes (1984 Supp.) authorizes the circuit court to issue an income deduction order to compel the exercise of discretion by the trustee of a discretionary spendthrift trust. First, we have noted that Bacardi controls the issuance of income deduction orders against spendthrift trusts. However, had the trust instrument herein not included a spendthrift clause, then section 61.1301 would still have prohibited the order from being issued because of the discretionary nature of the trust. Both statutory and case law are in agreement that until disbursements are actually made or due to be made from a discretionary trust, they are not subject to court-ordered enforcement measures.
REVERSED.
WENTWORTH and BARFIELD, JJ., concur.