THOMPSON, C.J.
Joyce Ann Mason, the former wife, appeals a summary judgment in favor of David C. Mason, as trustee of the D. Christopher Mason Residuary Trust, the Mason Family Trust, and the MJM Trust. David C. Mason is the former husband, the trustee of the trusts, and a beneficiary of the trusts. The Masons’ children are also beneficiaries of the trusts. We affirm.
The former wife obtained an $11,000 judgment against the former husband for his failure to pay his share of medical expenses for their children. In proceedings supplementary, the former wife asked the court to require him, as trustee of the trusts, to pay her the amount of the judgment, and the court entered summary judgment for the trustee. The trial court ruled that under Bacardi v. White, 463 So.2d 218 (Fla.1985), the trial court was without the authority to order the trustee to make discretionary disbursements.
In Bacardi the issue was whether disbursements from spendthrift trusts can be garnished to satisfy alimony and attorney’s fees awards before the disbursements reach the beneficiary. Id. at 220. The court held that “disbursements from spendthrift trusts, in certain limited circumstances, may be garnished to enforce court orders or judgments for alimony before such disbursements reach the debtor-beneficiary.” Id. The court observed that there is no statutory provision limiting spendthrift provisions where alimony is involved. Id. at 221. The court stated that the garnishment of a spendthrift trust is not appropriate in every case where someone is attempting to enforce alimony orders or judgments. Id. Garnishment should be allowed only as a last resort, and if the debtor himself or his property is within the jurisdiction of the state’s courts, the traditional methods of enforcing alimony arrears may be sufficient. Id. In that event, there would be no overriding reason to defeat the intent of the settlor, because Florida courts have a variety of methods to enforce alimony and child support orders. Id. When these remedies are not effective, the court stated, it would be unjust to allow the debtor to enjoy the benefits of wealth without being subject to the responsibility of supporting those whom he has a legal obligation to support. Id.
The court further limited the right of garnishment to disbursements that are due to be made or which are actually made from the trust. Id. If, under the terms of the trust, a disbursement of income or corpus is due to the debtor/beneficiary, such disbursement may be subject to garnishment. Id. If disbursements are wholly within the trustee’s discretion the court may not order the trustee to make such disbursements. Id. However, if the trustee exercises discretion and makes a disbursement, that disbursement may be subject to the writ of garnishment. Id.
*897 In the instant ease, the former husband argues that the trusts in issue in this case are spendthrift trusts because they prohibit alienation of trust property to pay a creditor’s claims, and require the trustee to refrain from making a distribution to a beneficiary who will not directly receive the benefit of the distribution. Since they are spendthrift trusts, he argues, a court cannot order the trustee to make a distribution to the former wife, who is a mere creditor. Further, he argues that in addition to being spendthrift trusts, the trusts are discretionary in that the trusts do not require any payments to any beneficiary; rather, under the terms of the trusts, the trustee has the sole and absolute discretion to decide whether to make a payment to any beneficiary. Since the beneficiaries of the trusts are not due any money, the trustee can refuse to make any payments. On the other hand, the former wife contends that the former husband has an obligation to support his children under the terms of the trusts. Although the former husband’s duties under the trusts are couched in discretionary terms, she contends that such discretion is not unfettered and is subject to judicial review.
The Residuary Trust and the MJM Trust contain the following restraint on alienation:
Restrictions on Alienation. The interest of any beneficiary in the corpus or income of my estate or of any trust created under this Will shall not be transferred, assigned, pledged, encumbered, or conveyed, and shall not be subject to the claims of any creditors of such beneficiary, voluntarily or involuntarily and the Executor or Trustee, as the case may be, shall continue distributing estate or trust property directly to or for the benefit of such beneficiary as provided for herein notwithstanding any transfer, assignment, pledge, encumbrance, or conveyance, or action by creditors.
The provision in the Mason Family Trust is somewhat different:
SPENDTHRIFT PROVISIONS. Except for transfers among family members, no beneficiary of a trust shall alienate, encumber or hypothecate his or her interest in the principal or income of a trust in any manner; and to the fullest extent of the law, the interests of any beneficiary shall not be subject to the claims of his or her creditors or be liable to attachment, execution or other process of law. Further, the interest of each beneficiary in the income and principal of the trust hereunder shall be free from the control or interference of any creditor of a beneficiary or any spouse of any married beneficiary and shall not be subject to attachment or susceptible of anticipation or alienation. Nothing contained in this paragraph shall be construed as restricting in any way the exercise of any powers or discretions granted hereunder.
With respect to the trustee’s discretion, the provisions of the three trusts are similar. We quote the Residuary Trust:
9.2 Spray Trust for Child. With respect to each trust created under this Item for the primary benefit of a child of mine then living, the Trustee shall be authorized from time to time to distribute such part of the income and the principal of such trust to or among my child and his or her spouse and descendants, or use the same for their benefit, in such proportions as the Trustee in its sole discretion shall deem necessary in its judgment to provide for their support, maintenance, education and medical needs in reasonable comfort, taking into consideration any other means of support they or any of them may have to the knowledge of the Trustee.
*898 We need not decide whether these are purely discretionary trusts or purely support trusts — or neither, see e.g. Evelyn Ginsberg Abravanel, Discretionary Support Trusts, 68 Iowa L.Rev. 278 (1983) Matthews v. Matthews, 5 Ohio App.3d 140, 450 N.E.2d 278 (1981). (Ohio App.1981),— because we think the outcome of this case is dictated by Bacardi. The spendthrift provisions are valid under Bacardi, and the other trust provisions do not contradict or negate the terms of the spendthrift provisions. Accordingly, we must affirm the trial court because the former wife has made no showing that traditional enforcement methods would be futile in the instant case, the preliminary step required under Bacardi[1]
We recognize that a difference between the instant case and Bacardi is that the former wife there was not a beneficiary of the trust, while in the instant case the children for whom the medical expenses were incurred were beneficiaries. In some jurisdictions a beneficiary’s interest in a spendthrift or support trust can be reached by a creditor who provided “necessary services” or “necessary supplies.” Restatement (Second) of Trusts § 157 (1959)[2]. In Bacardi, however, the court rejected another exception set forth in section 157, under which a beneficiary’s interest can be reached for alimony or child support. We think, therefore, that the proper approach in the instant case is to follow that taken in Bacardi, and we affirm.
AFFIRMED.
PALMER, J., concurs.
HARRIS, J., concurs specially, with opinion.

. For example, in contempt proceedings, the former husband's role as both trustee and beneficiary would assure his ability to pay this court ordered obligation.

. s 157. PARTICULAR CLASSES OF CLAIMANTS
Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,
(a) by the wife or child of the beneficiary for support, or by the wife for alimony;
(b) for necessary services rendered to the beneficiary or necessary supplies furnished to him;
(c) for services rendered and materials furnished which preserve or benefit the interest of the beneficiary;
(d) by the United States or a State to satisfy a claim against the beneficiary.