847 So.2d 998 (2003)
Jorge ARELLANO and Ana Laura Arellano, Appellants,
v.
Lisette Arellano BISSON and Lower Randolph J. Bisson, Appellees.
No. 3D02-91.
District Court of Appeal of Florida, Third District.
April 2, 2003.
Rehearing, Rehearing and Clarification Denied June 25, 2003.
*999 Linda L. Carroll, Miami; and Gary W. Pollack, Coral Gables, for appellants.
Fulvia A. Morris, Coral Gables, for appellees.
Before COPE, GREEN, and RAMIREZ, JJ.
Rehearing, Rehearing En Banc and Clarification Denied June 25, 2003.
RAMIREZ, J.
Jorge Arellano and Ana Laura Arellano, defendants at the trial level, appeal an order denying their motion for proceedings supplementary to execution and to implead a third party. We affirm the decision of the circuit court because it would be unjust and inequitable to allow the appellants, as judgment creditors, to defeat the validity of a spendthrift trust.
Appellees Lisette Arellano Bisson and Randolph J. Bisson, plaintiffs at the trial level, brought suit against a number of defendants, including the appellants and Vilma Schueg Ramirez de Arellano. The appellants are Lisette Arellano Bisson's brother and sister, respectively, and Vilma Schueg Ramirez de Arellano is the siblings' mother. In her complaint, Lisette Arellano Bisson alleged that she was an intended recipient of a revocable trust which the defendants, among other individuals, converted into an irrevocable trust through the use of trickery and deceit upon Vilma Schueg Ramirez de Arellano who was the settlor of the revocable trust. The irrevocable trust contains a spendthrift provision which states that:
No beneficiary of any trust herein created shall have any right or power to anticipate, pledge, sell, transfer, alienate, assign or encumber in any way his or her interest in the income or principal of such trust. Furthermore, no creditor shall have the right to attach, lien, seize or levy upon the interest of the beneficiary in this Trust and such interest shall not be liable for or subject to the debts, liabilities or obligations of any such beneficiary or any claims against any such beneficiary.
The trial court entered a final judgment in favor of the appellants and reserved jurisdiction to award attorney's fees and costs. That order was appealed to this court, and the appeal was dismissed without reaching the merits.[1] On August 23, 1999, the trial court denied the appellants' motion for attorney's fees and costs. On appeal, this Court reversed that ruling holding that the appellants were entitled to recover legal fees and costs pursuant to section 57.105, Florida Statutes (1997).[2] Upon remand, the trial court entered a final judgment awarding legal fees and costs to the appellants. This Court affirmed that judgment.[3]
On November 6, 2001, the appellants filed a Motion for Proceedings Supplementary to Execution and to Implead Third Party, namely Vilma Schueg Ramirez de Arellano, together with attached exhibits, including an affidavit in support of the motion. The appellants sought to implead Vilma Schueg Ramirez de Arellano so as to satisfy the attorney's fees and costs final judgment they now hold against any proceeds which may become due in the appellees' favor in the latter's suit against Vilma Schueg Ramirez de Arellano. The trial court denied the appellants' motion and that order forms the basis of the present appeal.
*1000 Section 56.29(5), Florida Statutes (2000), governs proceedings supplementary to execution, and provides that:
The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.
This statute is intended to empower circuit courts with the right to subject all property or property rights of any defendant in execution, however fraudulently conveyed, covered up, or concealed, and whether in the name or possession of third parties or not, to the satisfaction of an execution outstanding against a defendant. See State ex rel. Phoenix Tax Title Corp. v. Viney, 120 Fla. 657, 163 So.2d 57, 60 (1935). We hold, however, that the property which the appellants seek to reach through supplementary proceedings does not constitute property or a property right which a judgment creditor may reach in proceedings supplementary to execution.
Florida has long recognized the validity of spendthrift trusts. See Waterbury v. Munn, 159 Fla. 754, 32 So.2d 603 (Fla.1947); Bacardi v. White, 463 So.2d 218, 221 (Fla.1985). The principal purpose of a spendthrift trust is to protect a beneficiary against debtors. See Preston v. City Nat'l Bank of Miami 294 So.2d 11, 14 (Fla. 3d DCA 1974). Although spendthrift trusts have been subjected to garnishment in certain instances, such as to enforce child support orders and judgments, see, e.g., Southeast Bank of Sarasota v. Stone, 500 So.2d 737 (Fla. 1st DCA 1987), the power of the trial court to invade a spendthrift trust is not an unfettered one. See Bacardi v. White, 463 So.2d 218 (Fla.1985). See also Mason v. Mason, 798 So.2d 895 (Fla. 5th DCA 2001).
In Bacardi the Florida Supreme Court placed certain limitations on the power of the trial court to invade spendthrift trusts. The supreme court stated that the invasion of a spendthrift trust was a last resort remedy which should be used only after all traditional methods of enforcement had been exhausted. Id. at 222. Furthermore, a basic tenet in the construction of trusts is to ascertain the intent of the settlor and to give effect to this intent. Id. at 221. Some courts in other jurisdictions have refused to invade spendthrift trust income, even for alimony and support, solely on the basis that a settlor's intent controls. See, e.g., Erickson v. Erickson, 197 Minn. 71, 266 N.W. 161 (1936). The garnishment of income which emanates from the spendthrift trust in this case would thus defeat the settlor's intent.
Furthermore, the trust at issue here states that the beneficiary does not have a right to assign her interest in the trust and that no creditor has the right to attach any interest of the beneficiary. Even if the appellees prevail in their suit against Vilma Schueg Ramirez de Arellano and become beneficiaries, the trust precludes them from assigning their interest. Likewise, the trust language precludes the appellants, as judgment creditors, from attaching the appellees' interest to satisfy any outstanding debt. Therefore, the income derived from the trust is exempt from an execution of judgment and falls outside the purview of section 56.29(5). As the property the appellants seek to attach is not property that can be awarded to satisfy a debt, the trial court properly denied their motion for proceedings supplementary to execution and to implead a third party.
We therefore affirm, and find it unnecessary to entertain the remaining issues which the appellants raised.
COPE, J., concurs.
*1001 GREEN, J. (dissenting).
I respectfully dissent.
Proceedings supplementary to execution are the means intended to be used by a judgment creditor to receive satisfaction of a judgment. See United Farm Agency of Fla., Inc. v. DKLS, Inc., 585 So.2d 1139 (Fla. 3d DCA 1991) (stating that: "the proper means of executing a judgment is to institute proceedings supplementary."). In this case, the appellees were deposed in aid of execution and admitted that they lacked the assets to satisfy appellants' judgment. It was also admitted that the appellees have asserted claims against a third-party, Vilma Schueg Ramirez de Arellano, which potentially could have substantial value. These allegations reach beyond the irrevocable trust and its spendthrift provision, and include claims for beach of fiduciary duty, fraud, conspiracy and conversion. Finally, it is undisputed that appellants satisfied the procedural requirements of section 59.29. Thus, I believe that the appellants have the right to have the appellees' action against Vilma Schueg Ramirez de Arellano applied to satisfy their outstanding judgment. See Puzzo v. Ray, 386 So.2d 49 (Fla. 4th DCA 1980) (judgment debtor's right of action for conversion constituted a "property" right which could be reached by a judgment creditor in proceedings supplementary to execution).
Moreover, I believe that the appellants were entitled to implead Vilma Schueg Ramirez de Arellano. Although she was a co-defendant with the appellants in the underlying main suit, she is effectively a stranger to the attorney's fees and cost judgment against the appellees. Impleader would merely subject her to an examination regarding her assets and would provide her with notice that appellees' claim against her was subject to supplementary proceedings. See Cont'l Cigar Corp. v. Edelman & Co., Inc., 397 So.2d 957 (Fla. 3d DCA 1981) (judges have both power and duty to bring in third parties when relief against them may be warranted).
Accordingly, I would reverse the trial court's order and grant the appellant's motions for proceeding supplementary to execution and to implead a third party.
NOTES
[1] See 3d DCA Case No. 3D98-1318. Purportedly, the appellants could not afford to order the transcripts necessary to consummate their appeal.
[2] See Arellano v. Bisson, 761 So.2d 365 (Fla. 3d DCA 2000).
[3] See Bisson v. Arellano, 844 So.2d 648 (Fla. 3d DCA 2003).