NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTINA ANAMARIA ALEXANDER, )
)
        Appellant, )
)
v. )      Case No. 2D17-3218
)
CLIFFORD GARLAND HARRIS, )
)
        Appellee. )
                                 )

Opinion filed May 17, 2019.

Appeal from the Circuit Court for Pinellas
County; Jack Helinger, Judge.

Christina Anamaria Alexander, pro se.

J. Troy Andrews of Andrews Law Group,
Tampa, for Appellee.

SLEET, Judge.

        The mother, Christina Alexander, appeals the denial of her petition

seeking enforcement of an order awarding her child support for the parties' minor child

and a continuing writ of garnishment directed to disbursements to the father, Clifford

Harris, from a special needs trust. Because the trial court erroneously concluded that it

could not garnish the discretionary payments made for the benefit of the father from a

special needs trust, we reverse.

The father is the sole beneficiary of a special needs trust established pursuant to 42 U.S.C. § 1396p with funds from the settlement of a product liability action brought on the father's behalf after he was catastrophically injured in a car accident as a minor. The special needs trust is a spendthrift trust that provides him with supplemental income while maintaining his eligibility for public assistance. See generally Sullivan v. County of Suffolk, 174 F.3d 282, 284 (2d Cir. 1999) (explaining that a special needs "trust is a 'discretionary trust established for the benefit of a person with a severe and chronic or persistent disability' and is intended to provide for expenses that assistance programs such as Medicaid do not cover" (quoting N.Y. Estates Powers & Trusts Law § 7-1.12(a)(5) (McKinney 1998))). Because the special needs trust is a spendthrift trust, it contains numerous restrictions on the way that the distributed funds can be used. See generally Waterbury v. Munn, 32 So. 2d 603, 605 (Fla. 1947) (stating that a spendthrift trust provides funds for the maintenance of the trust beneficiary while securing the trust's corpus from the beneficiary's own improvidence as well as the beneficiary's creditors). The parties do not dispute that pursuant to the terms of the trust, the father does not exercise any control over the trust, does not have the ability to compel the trustee to disburse any trust funds, and does not personally receive any disbursements from the trust because they are made directly to third parties for the sole benefit of the father.

The record reflects that the trust receives and will continue to receive a monthly income of $3035.59 throughout the father's life, that the father's monthly expenses have historically totaled an average of $2478, and that as of December 2016, the trust contained approximately $141,997.27. As of May 30, 2017, the total arrearage for child support was $91,780.28. On appeal, the mother argues that spendthrift

provisions are unenforceable against a valid child support order pursuant to section 736.0503, Florida Statutes (2016), and that discretionary disbursements are not protected from continuing garnishment for support payment. We agree.

Section 736.0503(2)(a) provides that "a spendthrift provision is unenforceable against . . . [a] beneficiary's child . . . who has a judgment or court order against the beneficiary for support or maintenance." The Florida Supreme Court has further explained that a continuing writ of garnishment may attach to discretionary disbursements to enforce support orders and arrearages. Bacardi v. White, 463 So. 2d 218, 222 (Fla. 1985) ("If, under the terms of the trust, a disbursement of corpus or income is due to the debtor-beneficiary, such disbursement may be subject to garnishment."). Although the court cannot compel a disbursement from a trust, "[i]f disbursements are wholly within the trustee's discretion . . . [and] the trustee exercises its discretion and makes a disbursement, that disbursement may be subject to the writ of garnishment." Id. Whether the disbursements are paid directly to the beneficiary or to third parties for his benefit is immaterial to whether they may be garnished. See § 736.0503(3) ("[A] claimant against which a spendthrift provision may not be enforced may obtain . . . an order attaching present or future distributions to or for the benefit of the beneficiary." (emphasis added) (footnote omitted)); Berlinger v. Casselberry, 133 So. 3d 961, 964–65 (Fla. 2d DCA 2013).

The mother obtained a valid child support order on May 22, 2009, which was per curiam affirmed by this court on appeal in case number 2D09-4161. See Harris v. Alexander, 83 So. 3d 721 (Fla. 2d DCA 2010) (table decision). The mother filed a motion for contempt for failure to pay child support on September 22, 2009, which the trial court granted on January 4, 2010. After the father's continued failure to pay child

support, the mother filed additional motions for civil contempt and enforcement in 2010 and in 2016. Although the trial court determined that there was a support arrearage based on the father's failure to comply with the 2009 support order, it ultimately denied the mother's most recent motion for contempt and enforcement of the support order because it determined that the father had no ability to pay the arrearage or his ongoing support obligations. This was error.

The discretionary disbursements made by the trustee are not protected from continuing garnishment for payment of child support. See Berlinger, 133 So. 3d at 966 (explaining that section 736.0503 "does not expressly prohibit a former spouse from obtaining a writ of garnishment against discretionary disbursements made by a trustee exercising its discretion"). The mother has exhausted the traditional methods of enforcing a valid child support order; the father's sole available income for payment of support is the trust. Therefore, a continuing writ of garnishment is appropriate in this case. See Bacardi, 463 So. 2d at 222 ("[G]arnishment of a spendthrift trust . . . should be allowed only as a last resort . . . [w]hen . . . traditional remedies are not effective.").

The father argues that using the trust's funds to satisfy his support obligations would jeopardize his eligibility for public assistance under federal law; however, he cannot identify any legal basis for this conclusion. We can find no federal law or regulation expressly addressing the garnishment of a special needs trust to satisfy a support obligation. To the extent that 42 U.S.C. § 1396p discusses support payments and eligibility, subsection (c)(2)(B)(iii) states that "[a]n individual shall not be ineligible for medical assistance by reason of paragraph (1) to the extent that . . . the assets . . . were transferred to . . . the individual's child." Furthermore, federal law gives great deference to state courts in family law proceedings, and the Supreme Court has

explained that "[s]tate family and family-property law must do 'major damage' to 'clear and substantial' federal interests before the Supremacy Clause will demand that state law be overridden." Hisquierdo v. Hisquierdo, 439 U.S. 572, 581 (1979) (quoting United States v. Yazell, 382 U.S. 341, 352 (1966)). In Rose v. Rose, 481 U.S. 619, 630 (1987), the Supreme Court recognized that payment of child support is in the parent's best interest, explaining that federal "benefits are not provided to support [the beneficiary] alone." There is no indication in the federal statutes that Congress has expressed any intention to preempt state statutes, like section 736.0503, that permit garnishment of spendthrift trusts to satisfy the child support obligations of the beneficiary. Id. at 628 ("Given the traditional authority of state courts over the issue of child support, their unparalleled familiarity with local economic factors affecting divorced parents and children, and their experience in applying state statutes . . . that do contain detailed support guidelines and established procedures for allocating resources following divorce, we conclude that Congress would surely have been more explicit had it intended the Administrator's apportionment power to displace a state court's power to enforce an order of child support.").

Resolution of this case requires consideration of the equities between these particular parties and resolution of competing public policies related to the enforceability of spendthrift provisions and the payment of support.

> On the one hand, there is the long held policy of this state that recognizes the validity of spendthrift trusts. On the other hand, there is the even longer held policy of this state that requires a former spouse or a parent to pay alimony or child support in accordance with court orders.

Bacardi, 463 So. 2d at 221. Where the two conflict, this court has held that Florida's public policy favoring enforcement of support orders takes precedence. Berlinger, 133

So. 3d at 966 ("Florida has a public policy favoring spendthrift provisions in trusts and protecting a beneficiary's trust income; however it gives way to Florida's strong public policy favoring enforcement of alimony and support orders.").  Thus, although the trial court correctly recognized the compelling equitable interests of the parties in this case, we must nevertheless reverse.  The special needs trust does not protect the father from his legal obligation to support his child.  A continuing writ of garnishment is appropriate in this case, and the court may limit the award to such relief as is appropriate under the circumstances.  See § 736.0503(3).

Accordingly, we reverse the denial of the mother's petition seeking enforcement of an order awarding her child support for the parties' minor child and remand for entry of a continuing writ of garnishment directed to discretionary disbursements from the special needs trust.

Reversed and remanded with instructions.

VILLANTI and SALARIO, JJ., Concur.